

**SO ORDERED.**

**SIGNED this 17 day of May, 2011.**

*Stephani W. Humrickhouse*
_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **RAYMOND ARTHUR GARRIS, JR.** | **10-09849-8-SWH** |
| **DEBTOR** | |
| | |
| **RAYMOND ARTHUR GARRIS, JR.** | **ADVERSARY PROCEEDING NO.** |
| **Plaintiff,** | **11-00009-8-SWH-AP** |
| **v.** | |
| **CHASE BANK USA, N.A.** | |
| **Defendant.** | |

**ORDER ALLOWING OBJECTION TO CLAIM,**
**DENYING MOTION FOR ENTRY OF DEFAULT**
**AND DISMISSING ADVERSARY PROCEEDING**

Pending before the court in this adversary proceeding is the motion for entry of default and

judgment by default filed by the plaintiff and chapter 13 debtor, Raymond Arthur Garris, Jr.  A

hearing was held in Raleigh, North Carolina, on March 31, 2011.  Defendant Chase Bank USA, N.A.

did not appear at the hearing, at the conclusion of which the court took the matter under advisement

and allowed additional time for counsel for the plaintiff to analyze certain issues arising from the two counts set forth in the complaint. Counsel for the plaintiff ("counsel") subsequently provided, in a letter emailed to the court, notice that the plaintiff had elected to withdraw both of those claims. This matter is ripe for disposition.

Raymond A. Garris, Jr. filed a petition under chapter 13 of the Bankruptcy Code on November 30, 2010, and included defendant creditor Chase Bank in the creditors' matrix. According to counsel, Chase Bank was "listed as 'Notice Only' in this proceeding." Letter to Judge Stephani W. Humrickhouse from Jane L. Weatherly at p. 2 (April 14, 2011) ("Plaintiff's Counsel's Letter"). The debtor did not owe any debt to Chase Bank at the time the chapter 13 petition was filed and counsel explained that Chase Bank was included in the matrix only because Chase Bank is included on the debtor's credit report. Counsel stated that it is their practice to send notice of bankruptcy to every creditor appearing on a debtor's credit report. This is so even if the credit report reflected that the creditor reported a zero balance owing to it from the debtor, as was true in this case.

Chase Bank appeared on the credit report because of the debtor's prior credit card debt to Chase Bank, which was discharged in connection with a chapter 7 bankruptcy case filed by the debtor on February 1, 2008. The debtor received his discharge on May 7, 2008. Complaint ¶¶ 12, 14. By including Chase Bank in the creditors' matrix, along with "everyone listed in the credit report," counsel sought to "avoid the potential for any unresolved issues from the prior Chapter 7 arising in this Chapter 13." Plaintiff's Counsel's Letter at p. 2. Counsel explained at the hearing that it is simply a matter of pushing a button, and all creditors on the credit report receive notice, whether or not they require it.

2

Unfortunately, in what probably also reflected a simple push of a button, Chase Bank responded to its receipt of notice of the bankruptcy petition by filing a proof of claim listing a credit card debt in the amount of $3,925.77. Counsel states that this is the amount that was discharged in the debtor's prior chapter 7 case. Chase Bank filed the proof of claim in the debtor's current chapter 13 case on January 7, 2011.

Counsel represents, in response to the court's request for information about counsel's efforts to contact Chase Bank to apprise it of its mistake before taking the significant step of filing an adversary proceeding, that it sent a letter to Chase Bank informing it that the prior debt was discharged. Counsel cannot locate the letter and no record of its preparation appears in counsel's invoice for services. However, counsel explained, it is counsel's policy to contact a creditor in circumstances such as these and to provide ten days from the date of notice before filing a complaint. Plaintiff's Counsel's Letter at p. 2. Because the dates on which the proof of claim and the adversary proceeding were filed are consistent with that policy, counsel assumes that such a letter was sent.

On January 19, 2011, twelve days after the proof of claim was filed, the debtor filed an adversary proceeding against Chase Bank asserting that the proof of claim violated the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA") and the discharge injunction, and objecting to Chase Bank's claim. The debtor seeks actual damages, maximum statutory damages of $4000, punitive damages, and attorneys' fees. Chase Bank did not respond to the complaint, the debtor sought entry of default, and Chase Bank did not appear at the scheduled hearing. Thus far, Chase Bank's involvement in this proceeding and the bankruptcy case is limited to the proof of claim it filed on January 7.

At the March 31 hearing, the court announced that it would readily sustain an objection to claim. The court questioned why this matter had been brought before the court as an adversary proceeding, and expressed its considerable doubt that Chase Bank's action in filing a proof of claim in response to its receipt of a notice of bankruptcy filing sufficed to constitute a violation of North Carolina's UDTPA and the discharge injunction. In fact, the court suggested to counsel, Chase Bank's inclusion in the creditor matrix and receipt of notice could possibly have been construed by Chase Bank as a cue to file a proof of claim. Counsel did not offer any case law in support of either of the two claims forming the basis of its complaint, and the court allowed counsel an additional ten days in which to brief this issue more fully. The court also requested that counsel provide further information about the measures it undertook to resolve this matter with Chase Bank prior to filing an adversary proceeding.

In a letter to the court dated April 14, 2011, counsel reported that after additional research, the debtor no longer sought to pursue either of the two counts in the complaint. Counsel stated that they preferred to not dismiss the complaint due to the "possible procedural ramifications" of having to issue a new summons and "start the process from step one." Plaintiff's Counsel's Letter at p. 1. The court fails to understand counsel's concerns, especially because the counts that will not be pursued are the only counts in the complaint. In response to the court's query whether sending a notice to a creditor who reports a zero balance due on a discharged claim could be construed by that creditor (especially a large institutional creditor such as Chase Bank) as an invitation to file a proof of claim, counsel stated that other similarly situated creditors received the same notice but did not make the same mistake. Counsel was unable to provide any further information about the basis for its assumption that it contacted Chase Bank prior to filing the adversary proceeding.

4

In their letter, counsel updated their request for fees.  Counsel seeks attorneys fees in a total amount of $3,191.   This includes compensation for the time spent preparing the complaint (including research), for two lawyers to attend the hearing on March 31, and for the additional, post-hearing research that prompted counsel to withdraw the claims asserted in the complaint.

The court's original impression of this matter still holds true.  All that was required in response to Chase Bank's claim was a simple objection to claim in the bankruptcy case.  Perhaps counsel initiated the adversary proceeding in an attempt to shed more light on the question of whether a proof of claim for a discharged debt may constitute a *per se* violation of North Carolina's UDTPA or a willful violation of the discharge injunction.  Given counsel's withdrawal of those claims, however, these questions will await resolution on another day.  In this matter, the court is unable to discern any basis on which to find that the creditor did anything wrong other than to file a proof of claim for a discharged debt, after receiving a notice that the court believes was prompted by counsel's "better to over-notice" policy.  As the court pointed out to counsel, a creditor receiving a notice of bankruptcy filing does not necessarily know that it has been listed "For Notice Only." The circumstances of this case lead the court to conclude that Chase Bank's filing of a proof of claim was a simple and understandable error.

The court will deem the initiation of the adversary proceeding as an objection to claim and will allow the objection.  The court will also award attorneys' fees in the amount of $500, though the court suspects this amount is overly generous.  The court's award is based on its liberal estimation of the time necessary to draft and file an objection to claim and order allowing objection. Again, had an objection to claim simply been filed in the debtor's chapter 13 case, this matter could have been efficiently resolved even if Chase Bank failed to respond.  Counsel may wish to examine

5

and perhaps refine their practice of including creditors such as Chase Bank, to whom no debt is owed, on creditor matrices and then filing adversary proceedings if such creditor does not respond, within the brief period of ten days, to a letter requesting withdrawal of the claim.  The court finds this scenario to be vaguely reminiscent of a sting operation, to which a creditor might legitimately protest that it fell victim to entrapment.

The objection to claim is **ALLOWED**.  The motions for entry of default and for a default judgment are **DENIED** and this adversary proceeding is **DISMISSED**.  Chase Bank is ordered to pay attorneys' fees in the amount of $500 to debtor's counsel within 10 days.

**SO ORDERED.**

**END OF DOCUMENT**